```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

ARTHUR R. and JANE M. TUBBS,      :
individually and on behalf of     :
others similarly situated,        :
                                  :   HONORABLE JOSEPH E. IRENAS
                                  :
             Plaintiffs,           :
                                  :   CIV. NO. 08-3178(JEI/KMW)
        v.                        :
                                  :
NORTH AMERICAN TITLE AGENCY,      :          OPINION
INC., NORTH AMERICAN TITLES       :
GROUP, INC., and INDEPENDENCE     :
ABSTRACT & TITLE AGENCY,          :
                                  :
             Defendants.          :
```

**APPEARANCES:**

STEVENS & LEE, P.C.
BY:  Neil C. Schur, Esq.
1415 Route 70 East, Suite 506
Cherry Hill, NJ 08034
        AND
KOHN, SWIFT & GRAF, P.C.
BY:  Christina Donato Saler, Esq.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
        Counsel for Plaintiffs


MORGAN, LEWIS & BOCKIUS LLP
BY:  Frank C. Testa, Esq.
502 Carnegie Center
Princeton, NJ 08540
        Counsel of Defendants




**IRENAS**, Senior District Judge:

    Presently before the Court is Defendants' Motion to Dismiss

the Amended Complaint (Docket No. 17).  The Court heard oral argument on April 21, 2009, and has reviewed the submissions of the parties.  For the reasons set forth below, Defendants' Motion will be granted.[1]

**I.**

Arthur R. and Jane M. Tubbs (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, have filed suit against North American Title Agency, Inc. ("Title Agency"), North American Title Group, Inc. ("Title Group"), Title Agency's parent company, and Independence Abstract and Title Agency ("Independence"), Title Agency's predecessor (collectively, "Defendants").[2]  This case arises from fees charged by Title Agency when Plaintiffs refinanced their residential mortgages.

Prior to the refinancing, Plaintiffs had two existing mortgage loans with Wachovia Bank ("Wachovia").  (Am. Compl. ¶¶ 20-22.)  Title Agency acted as the closing agent when Plaintiffs refinanced their mortgages with American Mortgage, Inc., on April

---

[1] This Court has subject matter jurisdiction pursuant to 12 U.S.C. § 2614 and 28 U.S.C. §§ 1331 and 1367.

[2] Title Agency was formed when Title Group acquired Independence, effective May 1, 2006.  Independence operated at the same address Title Agency currently uses.  (Am. Compl. ¶ 11.) Despite the parties' supplemental briefing, the means by which Title Agency "acquired" Independence, as well as the overall corporate structure, remains unclear.

22, 2008. (Id. ¶ 23.) Among other fees and expenses paid at closing, Title Agency charged Plaintiffs $150 for "Release Recording Fees: Release." (Id. ¶¶ 25-28; id. Ex. E.)[3] While Plaintiffs paid Title Agency the "Release Recording Fees: Release" at closing, (Id. ¶ 30), Title Agency did not actually record the release of the mortgages with the Camden County Clerk's office.[4] (Id. ¶ 32.) Rather, Wachovia prepared and recorded the necessary documents with the Camden County Clerk's office, and passed through to the borrower the $40 per mortgage recording fee charged by the County. (Id. ¶ 34-35; id. Ex. F.)[5]

---

[3] The Court is assuming, and it has not been challenged, that Title Agency retained the $150. However, the Court notes that Line 1305 of the HUD-1 indicates that $10,000 were held in "Escrow for Updated Payoffs to North American Title NJ Escrow Account." (Am. Compl. Ex. F.) It is possible that when the subsequent reconciliation was performed to account for the money held in escrow and other disbursements, that portions of the $150 were paid to the new lender or returned to Plaintiffs.

[4] Plaintiffs allege that Title Agency performed no services in exchange for this fee. (Id. ¶ 33.) However, as discussed in Part III, *infra*, Plaintiffs use the word "service" too narrowly, and Title Agency did indeed provide services for the "Release Recording Fees: Release."

[5] As part of the process, the $40 per mortgage fee for recording the satisfaction of mortgage was included on Wachovia's payoff statements. (Am. Compl. Exs. G, H.) Each of the two payoff statements show itemized values for the principle balance of the loan, interest and finance charges, a "Recording Fee" ($40), a "Demand Statement Fee" ($25), and a "Fax Fee" ($10), as well as a total value to pay the loan in full, including all fees. (Id.) The amounts paid to Wachovia on the HUD-1, on Lines 1501 and 1502, (Id. Ex. F), are not itemized, but rather only reflect the total figures from the payoff statements. (Id. Exs. G, H.)

Plaintiffs allege that Title Group was aware of Title Agency's actions and allowed them to continue.  (Id. ¶ 38.) Furthermore, Plaintiffs allege that Independence engaged in identical practices prior to its acquisition by Title Group. (Id. ¶ 39.)

On June 25, 2008, Plaintiffs filed a Complaint against Title Agency and Independence, alleging violations of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann § 56:8-1, *et seq.*, and common law claims for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and unjust enrichment.  Defendants filed a motion to dismiss on August 28, 2008.  In response, Plaintiffs filed an Amended Complaint on September 19, 2008.

Plaintiffs' Amended Complaint contains five counts.  Count I alleges violations of RESPA against all Defendants for charging settlement fees for which no services were performed, based on the $150 "Release Recording Fees: Release."[6]  Count II alleges violation of the CFA, against all Defendants.  Count III alleges common law breach of contract against Title Agency and Independence only.  Count IV alleges common law breach of implied

---

[6] The original Complaint alleged that a different fee, the $160 "Recording Fees:  Mortgage," violated RESPA.  However, Plaintiffs appear to have changed their allegations in light of arguments made in Defendants' motion to dismiss the original complaint.

covenant of good faith and fair dealing against Title Agency and Independence only.  Count V alleges common law unjust enrichment against all Defendants.  Defendants filed the instant Motion to Dismiss Plaintiffs' Amended Complaint on November 3, 2008.

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss any part of a complaint for "failure to state a claim upon which relief can be granted."  In considering a Rule 12(b)(6) motion, the Court accepts as true all well pleaded factual allegations contained in the complaint and draws all reasonable inferences from such allegations in the light most favorable to the plaintiff.  *See Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).  To survive a Rule 12(b)(6) motion, "a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"  *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted)).  In addition to the allegations contained in the Amended Complaint, the Court may consider documents attached to or specifically referenced in the Amended Complaint, and matters of public record, without converting the motion to dismiss into one for

summary judgment.  *See Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

### III.

Count I of Plaintiffs' Amended Complaint alleges that Defendants violated RESPA by charging a settlement fee for which no services were performed.  Section 8(b) of RESPA states:

> (b) Splitting charges
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2607(b).  Plaintiffs argue that charging the $150 "Release Recording Fees: Release" violated this section because no services were provided in exchange for the fee.  (Am. Compl. ¶¶ 28-32, 58-60.)  Plaintiffs assert that this is precisely the type of "markup" that violates Section 8(b).  *See Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384 (3d Cir. 2005).

In *Santiago*, the Third Circuit examined a situation where GMAC, the mortgage lender, had charged "marked up" fees for settlement services.  417 F.3d at 386.  GMAC retained third party vendors to perform certain services, and charged the borrower more for those services than GMAC had paid itself.  *Id.*  The court accepted plaintiffs' argument that Section 8(b) created two separate prohibitions, both "(1) giving a portion of charges and

6

(2) accepting a portion charges." *Id.* at 388.  Therefore, a service provider need not actually split a charge with another in order to violate the statute if it accepts a charge for which no services were performed.

However, the *Santiago* court distinguished between a "markup," described above, and an "overcharge [that] occurs when the settlement service provider charges the consumer a fee, of which only one portion is a fee for the reasonable value of 'services rendered.'" *Id.* at 387.  The Third Circuit held that "the plain language of Section 8(b) does not provide a cause of action for overcharges." *Id.*

Defendants correctly argue that Plaintiffs' have no claim under RESPA because Title Agency did not actually split a fee for the same service with any third party, but rather the $150 fee it charged, and the $80 billed by Wachovia was not for the same settlement service.  As the mortgagee, Wachovia was required by law to record a satisfaction of mortgage if the mortgage debt was paid in full.  *See* N.J. Stat. Ann. § 46:18-11.2.  Furthermore, Wachovia was entitled to pass the county recording fee on to the borrower and charge an additional $25 as a "service fee" for its own work in preparing the discharge and arranging for its recording.[7]  *Id.*  In preparing and filing the discharge of

---

[7] The service fee is reflected as a "Demand Statement Fee" on its payoff statements.  *See* Note 5 *supra*.

mortgage, the $40 was not a fee for any service Wachovia was providing.  Rather, the $40 was the actual cost of recording the discharge with the Camden County Clerk's office.  As such, Wachovia was not charging $40 for any settlement service it provided at closing.  Rather, it was passing on the county recording fee for the mortgage satisfaction as permitted by New Jersey Statute.  *Id.*

Wachovia was paid a $25 fee for its work in preparing the mortgage satisfaction and arranging for its recording.  Title Agency's charge was not a markup of Wachovia's fees, but rather a charge for its own services.  Title Agency was required to obtain the payoff statement, collect money from the appropriate parties to the settlement, make the appropriate distributions to prior mortgagees, and follow up to verify that the mortgagee did indeed prepare and record the release.  As such, this is not a situation where Title Agency marked-up Wachovia's $25 charge for recording a release, but rather charged a separate fee for its own services relating to that release.[8]

Pursuant to the New Jersey Land Title Insurance Rating Bureau's Manual of Rates and Charges, "[w]hen an insurer or agent

---

[8] The relationship between Title Agency and Wachovia is not the same as the relationship between GMAC and the third party vendors who performed the certifications in *Santiago*.  There, GMAC, the lender, required the borrowers to obtain tax and flood certification to secure the loan.  GMAC then retained the third party vendor for those services, and charged the plaintiffs more than it was charged by the vendor.  *Santiago*, 417 F.3d at 386.

8

is performing closing or settlement services and arranges for the satisfaction of existing mortgages, the insurer or agent shall charge $75.00 for each mortgage to be satisfied, inclusive of recording fees." N.J. Land Title Ins. Rating Bureau, Manual of Rates and Charges, at 7-1 (Feb. 15, 2008) (hereinafter "Manual").[9] Based on the Manual, Title Agency would have been permitted to charge $75 per mortgage, for the total of $150, as indicated on Line 1203 of the HUD-1. (Am. Compl. Ex. E.) What has really triggered this lawsuit is the provision in the Manual which states that the $75 is "inclusive of recording fees," which were $40 per mortgage. As such, Title Agency arguably should have only charged an additional $35 per mortgage, for a total of $70, since the recording fee was included in Wachovia's payoff

---

[9] Defendants presented this Manual to the Court at oral argument on the instant Motion. Defendants' subsequently attached the Manual as an exhibit to their supplemental brief filed April 28, 2009. The first page of the Manual explains its purpose:
> THIS MANUAL IS THE MANUAL OF RATES AND CHARGES OF THE NEW JERSEY LAND TITLE INSURANCE RATING BUREAU, AN UNINCORPORATED ASSOCIATION, OPERATING PURSUANT TO N.J.S.A. 17:46B-46 AS A TITLE INSURANCE RATING ORGANIZATION ON BEHALF OF ITS MEMBERS AND SUBSCRIBERS. THE NEW JERSEY LAND TITLE INSURANCE RATING BUREAU IS DULY LICENSED BY THE COMMISSIONER OF BANKING AND INSURANCE AS A RATING ORGANIZATION. THE RATES AND CHARGES FOR TITLE INSURANCE CONTAINED HEREIN HAVE BEEN APPROVED BY THE COMMISSIONER OF BANKING AND INSURANCE IN ACCORDANCE WITH THE TITLE INSURANCE ACT OF 1974, N.J.S.A. 17:46B-1 ET SEQ., AS AMENDED.

Manual at I. Because the Manual is publicly available, and prepared in accordance with state statutes, the Court will consider it without converting Defendants' Motion into one for summary judgment.

statements.[10] However, all this demonstrates is that, if anything, Title Agency *overcharged* Plaintiffs, not that they *marked up* Wachovia's fee, or split payment with Wachovia for services Title Agency did not perform. As discussed above, such an overcharge is not a violation of Section 8(b). *See Santiago*, 417 F.3d at 387-88.

Accordingly, Plaintiffs have failed to plead that Title Agency, or therefore any of the other Defendants, have violated Section 8(b) of RESPA, and Count I of the Amended Complaint will be dismissed.[11]

**IV.**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted with regard to Count I. The Court will decline to exercise supplemental jurisdiction over the remaining state

---

[10] Although not essential to this opinion, it is possible that when the HUD-1 was prepared, the person preparing it used the $150 figure in Line 1203 based on the Manual, without noticing that $40 had been included in both of Wachovia's payoff figures in Lines 1501 and 1502. *See* Note 5 *supra*.

[11] Subject matter jurisdiction of the state law claims in Counts II-V was pursuant to 28 U.S.C. § 1367(a). Considering that the Court is dismissing the only federal cause of action, and the early stage of the case, the Court will decline to continue exercising jurisdiction over the remaining claims and dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

law claims, and therefore will dismiss Counts II-V without prejudice.

Dated: June 5, 2009

                                               s/ Joseph E. Irenas
                                            **Joseph E. Irenas, S.U.S.D.J.**